**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| WALGREEN CO., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ARISTEDES HASEOTES AND BYRON | ) | |
| HASEOTES | ) | |
| | ) | |
| Respondents. | ) | Related Case No.: *Walgreen Co. v. Aaron* |
| | ) | *Peters et al.,* United States Court for the |
| | ) | Northern District of Illinois, Civil Action No. |
| | ) | 1:21-cv-02522 |
| | ) | |

## MEMORANDUM IN SUPPORT OF WALGREEN CO.'S MOTION TO ENFORCE COMPLIANCE WITH THIRD PARTY SUBPOENAS AND/OR MOTION TO TRANSFER UNDER RULE 45(f)

Aristedes Haseotes and Byron Haseotes (collectively, the "Recipients") failed to comply with lawful subpoenas served on April 2, 2024 by Walgreen Co. ("Walgreens") in *Walgreen Co. v. Aaron Peters, et al.*, Civ. Action No. 1:21-cv-02522 (N.D. Ill.) (the "Chicago Action"). The Recipients are defendants in a related action pending before this Court. *See Walgreen Co. v. Aristedes Haseotes*, Civ. Action No. 1:21-cv-10151 (D. Mass.) (the "Boston Action"). Recipients' clear strategy is to use their pending motion to dismiss in the Boston Action to shut the door on third-party discovery in the Chicago Action, and if their motion is granted, to use that as a basis to resist all discovery. The Recipients, however, cannot overcome the fact that the subpoenas here are fully enforceable, and whether in the Chicago Action or the Boston Action, they must respond to discovery. Accordingly, the Court should enter an order compelling Recipients to respond to the instant subpoenas and produce responsive documents or, in the alternative, transfer this Motion to Enforce to Magistrate Judge M. David Weisman of the Chicago Action, who is intricately involved in managing discovery relating to the complex claims and defenses asserted therein.

1

## BACKGROUND AND PROCEDURAL HISTORY

### A.  Nature of the Proceedings

Walgreens first filed suit against the Recipients on July 19, 2022, in the Chicago Action for their involvement in L2 Partners, LLC's ("L2"), successful engineering of an illegal scheme to steal and exploit Walgreens' trade secrets and confidential information for profit.  (Chicago Action, Doc. 231.)  The Chicago Action is a complex case involving numerous parties and a complex RICO allegations for which United States District Judge Jorge L. Alonso has referred all discovery related supervision to Magistrate Judge M. David Weisman.  (Chicago Action, Doc. 23.)

As more fully set forth in Walgreens' Complaint (Boston Action, Doc. 1) and its Opposition to Recipients' Motion to Dismiss and related memoranda (Boston Action, Docs. 35 and 36) filed in the Boston Action, the Recipients were among the investors who retained L2 to acquire multiple Walgreens properties and knowingly used Walgreens' proprietary data and information to purchase those locations.  Recipients are not simply non-party witnesses in the Chicago Action but active participants in, and sponsors of, L2's illegal conduct.  Unrelated to this Motion and fully explained in Walgreens' Memorandum in Support of its Opposition to Recipients' Motion to Dismiss (Boston Action, Doc. 36), Recipients were dismissed from the Chicago Action for lack of personal jurisdiction in January 2024.

### B.  The Subpoenas and Response

On April 2, 2024, Walgreens served the Recipients each with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in the Chicago Action (the "Subpoenas").  The Subpoenas are just two of many third-party subpoenas Walgreens has and/or will issue in the Chicago Action seeking the production of documents directly relevant to the claims and defenses asserted in that action, including documents in the Recipients' possession

that relate to their involvement in and knowledge of L2's exploitation of Walgreens' trade secrets. True and correct copies of the Subpoenas are attached hereto as Exhibits "A" and "B".

On April 16, 2024, both Recipients served their objections and responses to the Subpoenas, each of which asserted a host of boilerplate objections ("Recipients' Responses") and provided no responsive documents. True and correct copies of Recipients' Responses are attached hereto as Exhibits "C" and "D". For example, as a general objection and in response to nearly every category of documents requested by the Subpoenas, Recipients asserted that Walgreens "is misusing a third-party subpoena to take premature discovery in the [Boston Action]" and "[Recipients] will respond to any appropriate discovery requests made in that action." (Recipients' Responses, Exs. C and D.) The Recipients also objected on the grounds that the Subpoenas (1) "seek[] information pertaining to trade secrets, business decisions, and/or competitively sensitive information" and/or "sensitive personal information"; (2) are "inconsistent with [Walgreens'] obligation under Fed. R. Civ. P. 45(d)(1) to take reasonable steps to avoid imposing an undue burden and expense on a non-party"; (3) are "overly broad and unduly burdensome" and/or "seek[] information that is not relevant to the claims and defenses in the [Chicago Litigation]"; and (4) are "not proportional to the needs of the case[.]" *Id*.

### C. Walgreens' Attempts to Confer

Counsel for Walgreens has attempted to resolve this discovery dispute consonant with their obligations under Fed. R. Civ. P. 37(a)(1) and Local Rules 7.1(a)(2), 26.2(c), and 37.1(a). On April 18, 2024, undersigned counsel wrote to counsel for Recipients outlining the deficiencies of Recipients' Responses and requesting availability for a call to meet and confer. A true and correct copy of that letter is attached hereto as Exhibit "E". Thereafter, two telephone conferences were

#4872299v1

conducted between counsel for Walgreens and the Recipients (on May 1 and 8, 2024) in an effort to resolve this dispute.  The parties were unable, however, to reach a resolution.

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to command documents and testimony from non-parties by way of subpoena.  *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things[.]"); Fed. R. Civ. P. 45(a)(1)(D).  A subpoena may seek any discoverable information within the scope of Rule 26.  *See United Therapeutics Corp. v. Watson Laboratories, Inc.*, 200 F. Supp. 3d 272, 276-277 (D. Mass. 2016) ("A non-party witness is subject to the same scope of discovery [under Rule 45] as a party is under Rule 34.").  Rule 26 states that "[p]arties may obtain discovery regarding any [1] nonprivileged matter that is [2] relevant to any party's claim or defense and [3] proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).

Rule 45 provides, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Fed. R. Civ. P. 45(d)(2)(B)(i).  The Court has "broad discretion to manage discovery matters[.]"  *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).  "Moreover, '[a]s the Supreme Court has instructed, because discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'"  *Satanic Temple, Inc. v. City of Boston*, No. 21-CV-10102-AK, 2022 WL 1028925, at *3 (D. Mass. Apr. 6, 2022) (*quoting, In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *3 (D. Mass. Nov. 13, 2013) (further internal quotation omitted)).

## ARGUMENT

**I.       The Subpoenas Seek Information Directly Relevant to the Chicago Litigation.**

As discussed above, relevancy at the discovery stage is broad and "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Peoples v. Time Warner Cable, Inc.*, No. 3:16-CV-11398-MGM, 2017 WL 2836991, at *3 (D. Mass. June 30, 2017) (*quoting Green v. Cosby*, No. 14-cv-30211-MGM, 2015 WL 9594287, at *4-5 (D. Mass. Dec. 31, 2015)). Here, the requested documents are plainly relevant to the claims and defenses raised in the Chicago Action.

As investors and knowing participants in L2's scheme to defraud Walgreens, Recipients have documents pertaining to L2's promotion and use of Walgreens' trade secrets during the time period critically relevant to the Chicago Litigation. The fact that Walgreens has separately sued Recipients in this action is irrelevant to whether Walgreens is entitled to discovery from Recipients in connection with the Chicago Action. *See United Therapeutics Corp.*, 200 F. Supp. 3d 272, 276-277 (D. Mass. 2016) ("A non-party witness is subject to the same scope of discovery [under Rule 45] as a party is under Rule 34."); *see also In re E.J. Sciaba Contracting Co., Inc.*, No. 03-20344-RS, 2006 WL 217980, at *2 (Bankr. D. Mass. Jan. 17, 2006) (rejecting adversary proceeding defendant's claim that discovery was duplicative of discovery sought by Bankruptcy Trustee sought in another adversary proceeding against the debtor's principal, finding that the defendant's "suggestion [of duplicative discovery], especially through counsel, that this somehow excuses her nonproduction can only be construed as evidence of bad faith") (emphasis added); *In re Bergeson*, 112 F.R.D. 692, 695 (D. Mont. 1986) ("The fact that [responding party] is involved in another lawsuit against the [requesting party] does not necessarily make production of its records unreasonable in this suit[.]").

Thus, Recipients' improper objections to the Subpoenas should be overruled, and Recipients should be compelled to produce responsive documents.

## II.     Recipients' Remaining Objections are Equally Without Merit.

### A.   Recipients Have Not and Cannot Demonstrate Undue Burden or Expense.

The "party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." *In re New Eng. Compounding Pharm., Inc. Products Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013); *see also Katz v. Shell Energy N.A. (US), LP*, 566 F. Supp. 3d 104, 107 (D. Mass. 2021) ("It is not enough to merely assert overbreadth, burden, or oppression; instead, the party resisting discovery must specifically show how each request for production is either not relevant or overbroad, burdensome, or oppressive."). Further, "[i]nconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant [discovery]". *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (internal quotation omitted).

Here, there is no conceivable undue burden imposed on Recipients, and tellingly, other than *ipse dixit*, Recipients have set forth no specifics as to any undue burden or expense they will sustain in having to respond to the Subpoenas. Thus, the Recipients' boilerplate objections should be rejected. *See Katz*, 566 F. Supp. 3d at 107 (rejecting boilerplate objections as inadequate and ordering responding party to produce documents responsive to the subpoena).

### B.   The Documents Requested by Walgreens Are Proportional to the Needs of the Case.

In weighing the proportionality of discovery, factors that must be considered include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative

6

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Elevate Group v. Datascience*, No. CV 1:20-12084-PBS, 2021 WL 6108288, at *2 (D. Mass. Nov. 23, 2021) (granting motion to compel documents to refute affirmative defense in breach of contract action) (quoting, Fed. R. Civ. P. 26(b)(1)); *Strike 3 Holdings, Inc. v. Doe*, 651 F. Supp. 3d 286, 292 (D. Mass. 2022) ("A third-party subpoena is subject to the relevance and proportionality requirements of Rule 26(b)(1).").

A review of Walgreens' requests in the Subpoenas indicates each request is narrowly tailored to the aforementioned relevant issues in the Chicago Action, including documents relating to L2's acquisition of Walgreens' properties, Recipients' investments and involvement in such acquisitions, and Recipients' knowledge of Walgreens' trade secret information and L2's use thereof. (*See* Subpoenas, Exs. A and B.)  As discussed above, this discovery is critical to the issues at stake in the Chicago Action.  Moreover, the substantial damages sought in the Chicago Action alone – over $23,000,000 – necessitates the requested discovery from Recipients.

<div align="center">C. <u>A Confidentiality Order Has Been Entered in the Chicago Action.</u></div>

Finally, with respect to Recipients' objections to producing trade secret, business decisions, and/or competitively sensitive or personal information, the court of the Chicago Action has entered an Amended Agreed Confidentiality Order that renders Recipients' objections on this basis moot. (*See* Order attached to Letter, Ex. E.)  Walgreens has already provided Recipients with a copy of such Order.  (*Id.*)  Therefore, the Court should overrule Recipients' objections on this basis.

**III.   Alternatively, the Court Should Transfer This Motion to the Court of the Chicago Action.**

Given Magistrate Judge M. David Weisman's extensive involvement in the management of discovery in the Chicago Action and the numerous parties and complex allegations involved

<div align="center">7</div>

therein, it would be reasonable and logical to allow Magistrate Judge Weisman to resolve this discovery dispute, and the Court should transfer this Motion to Magistrate Judge Weisman for resolution to conserve this Court's judicial resources and to avoid potential interference with the overall management of the Chicago Action.

        A.  <u>Legal Standard</u>.

Fed. R. Civ. P. 45(f) provides, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Rule 45 does not define "exceptional circumstances," but the Advisory Committee Notes to the 2013 amendments explain that a transfer is appropriate if the proponent demonstrates the interests of "avoid[ing] disrupt[ion] [of] the issuing court's management of the underlying litigation . . . outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment.

Thus, the Court "must carefully balance the interest of the nonparty in obtaining local resolution of a [subpoena related] motion against the interest in ensuring the efficient, fair and orderly process of ongoing litigation before the issuing court."  *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 375 (D.D.C. 2017) (internal quotation marks omitted).  "To do this, courts typically consider a variety of factors relating to the underlying litigation with the goal of determining if the issuing court is in a better position to rule on the motion due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation."  *Id.* (internal quotation marks omitted) (providing factors that support a finding of exceptional circumstances warranting a transfer include "the complexity of the [underlying matter], [its] procedural posture, [the] duration of pendency [of

the underlying case], and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." (internal quotation marks omitted)); *see also Mylan, Inc. v. Analysis Group, Inc.*, No. CV 18-MC-91153-FDS, 2018 WL 1904183, at *1 (D. Mass. Apr. 20, 2018) (transferring motion to compel due to "the complexity of the underlying case, the risk of inconsistent orders if [the] Court was to rule on [the] motion to compel, and the interests of judicial economy" citing *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 383).

        B.  <u>Complexity of the Underlying Litigation and Judicial Efficiency Warrant Transfer</u>.

Exceptional circumstances exist here due to the complexity and duration of the underlying litigation as well as the ability to conserve judicial resources by transferring the Motion to Enforce for resolution by a court that has intricately managed the discovery proceedings and is familiar with the facts underlying the claims and defenses at issue.  Since May 5, 2021, Magistrate Judge Weisman has supervised all discovery in the Chicago Action.  (Chicago Action, Doc. 23.)  Despite the number of status conferences, discovery disputes, and motions that have required attention, Magistrate Judge Weisman has maintained an efficient discovery pace in the Chicago Litigation, and to remain on pace, has held numerous conferences to keep abreast of factual developments and to supervise substantial discovery to date.  (*See e.g.*, Chicago Action, Docs. 478, 390, 397.) In light of the ongoing, substantial efforts by the court in the Chicago Action to remain on schedule and to avoid inconsistent rulings on non-party subpoena-related motions, transfer of the foregoing Motion to Enforce is warranted.  *See Mylan, Inc. v. Analysis Group, Inc.*, No. CV 18-MC-91153-FDS, 2018 WL 1904183, at *1; *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 383; Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment.

Moreover, because the Motion to Enforce encompasses questions of whether the information sought is relevant and proportional to the needs of the Chicago Action, transfer would

<div align="center">9</div>

obviate the need for this Court to expend substantial time, energy, and resources learning the complicated facts of the underlying case – efforts already undertaken by Magistrate Judge Weisman.  *See Wartsila Tech. Oy Ab v. Hawkins*, No. 18-MC-80001-JCS, 2018 WL 420025, at *1 (N.D. Cal. Jan. 16, 2018) (transferring subpoena-related motion and stating "because the [ ] Motion ultimately turns on a question of whether certain information is relevant to the merits of a case pending in the [issuing court], the Court concludes that [the] Motion would best be decided by the court adjudicating the dispute."); *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) (finding exceptional circumstances warranting transfer of subpoena-related motion "[d]ue to the highly complex and intricate nature of the underlying litigation" noting the issuing court judge was "in a better position to rule on the . . . motion . . . due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion w[ould] have on the underlying litigation.").  Consequently, transfer would not only avoid potential interference in Magistrate Judge Weisman's management of the underlying litigation but also conserve this Court's judicial resources.

C.   <u>Transfer Would Not Burden Recipients</u>.

Finally, transfer is appropriate because it would not burden – let alone *unduly burden* – the Recipients.  Even if travel to Illinois were difficult for Recipients, Magistrate Judge Weisman has permitted (and in some instances directed) parties to appear by telephone for prior hearings and conferences in the Chicago Action.  That kind of accommodation is precisely the one contemplated by Rule 45(f) for alleviating any burden placed on non-parties.  *See* Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment; *Lipman v. Antoon*, 284 F. Supp. 3d 8, 11 (D.D.C. 2018) (finding transfer of motion to compel non-party subpoena recipient from D.C. to Western District of Arkansas would not cause undue burden where transferee court permitted telephonic

conferences).  As such, Recipients do not have a reasonable claim of undue burden for ligating this dispute in Illinois.

In light of the nature and background of the Chicago Action, transfer is appropriate because (1) Recipients would not be overly burdened by the transfer, as their attorneys are capable of appearing telephonically in Illinois; (2) the underlying litigation is complex and Magistrate Judge Weisman of the Chicago Action is best suited to assess the merits of the discovery dispute; and (3) Magistrate Judge Weisman has an interest in timely resolving the discovery dispute without adjusting any upcoming or pretrial deadlines.  *See Markos v. Wells Fargo Bank, N.A.*, 2:16-MC-1398, 2017 WL 394539, at *2 (S.D. Tex. Jan. 3, 2017) ("The presiding Judge is in a superior position to determine the interpretation and application of her orders with respect to the merits of any objections and related motions.").  To the extent that the Recipients stand by their refusal to produce documents based on objections of proportionality and confidentiality, Magistrate Judge Weisman of the Chicago Action should decide the validity of such objections.

Walgreens therefore requests the Court transfer the Motion to Enforce to the District Court of Northern District of Illinois, for Magistrate Judge M. David Weisman to resolve this dispute.

## CONCLUSION

The foregoing suggests that Recipients are simply attempting to delay the proceedings of the Chicago Action by refusing to produce responsive documents plainly relevant and proportional to such action. Walgreens therefore respectfully requests that the Court:

(1) Issue and Order overruling Recipients' objections to the document production required by the Subpoenas based on the existence of the Boston Action and the purportedly confidential and/or personal nature of the requested documents; and

(2) Issue an Order requiring immediate production in response to the Subpoenas.

11

#4872299v1

In the alternative, given the complexity of the underlying litigation, the lack of burden upon Recipients, and the interests of judicial efficiency, Walgreens respectfully requests the Court transfer the foregoing Motion to Enforce to Magistrate Judge M. David Weisman of the District Court for the Northern District of Illinois.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R., D. Mass. 7.1(d), Walgreens believes that oral argument will assist the Court and wishes to be heard.  Walgreens therefore requests oral argument on its Motion.

Dated: June 25, 2024

<div style="margin-left:40%">

Respectfully submitted,

**PLAINTIFF WALGREEN CO.**

</div>

**AS TO AFFIRMATIONS**:

<div style="margin-left:40%">

/s/ *Michael S. French*
David M. Pernini, *pro hac vice in process*
Joseph D. Wargo, *pro hac vice in process*
Michael S. French, *pro hac vice in process*
WARGO, FRENCH, & SINGER LLP
999 Peachtree Street, NE, Suite 1120
Atlanta, Georgia 30308
dpernini@wfslaw.com
Telephone: (404) 853-1500

/s/ Jeffrey T. Rotella
John F.X. Lawler, BBO No. 546910
Jeffrey T. Rotella, BBO No. 600674
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
jlawler@princelobel.com
jrotella.@princelobel.com
Telephone: (617) 456-8000

</div>

12

## <u>LOCAL RULE 7.1(a)(2) CERTIFICATION</u>

Pursuant to Local Rule 7.1(a)(2), the undersigned certifies that prior to the filing of this Motion, the undersigned's office attempted to confer in good faith with all parties to this action regarding the relief sought herein.  Specifically, telephone conferences between the undersigned and Recipients' counsel were held on May 1, 2024 (lasting approximately fifteen (15) minutes) and May 8, 2024 (lasting approximately twenty (20) minutes).  At both conferences, the parties discussed Recipients' objections to the Subpoenas in an effort to eliminate the issues raised herein. The parties were unable, however, to reach a resolution.

*/s/ Michael S. French*
Michael S. French

#4872299v1